**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

COPELAND LP;
COPELAND SCROLL COMPRESSORS LP;
COPELAND INDUSTRIAL LP;
COPELAND COLD CHAIN LP;
COPELAND COMFORT CONTROL LP;
COPELAND MAQUILA, INC.; and
COPELAND TECHNOLOGIES CANADA ULC,

          Plaintiffs,

   v.

U.S. CUSTOMS AND BORDER
PROTECTION; RODNEY S. SCOTT, in his
official capacity as Commissioner of U.S.
Customs and Border Protection; and the
UNITED STATES OF AMERICA,

          Defendants.

Court No. 26-03112

**COMPLAINT**

1.     Plaintiffs, Copeland LP, Copeland Scroll Compressors LP, Copeland Industrial LP, Copeland Cold Chain LP, Copeland Comfort Control LP, Copeland Maquila, Inc., and Copeland Technologies Canada ULC, ("Plaintiffs"), are the importers of record of merchandise from countries subject to duties under the International Emergency Economic Powers Act ("IEEPA").

2.     Starting in February 2025, through executive orders, President Trump imposed a series of duties under IEEPA on goods imported from nearly every foreign country, including countries from which Plaintiffs import goods.

3.     On February 20, 2026, the Supreme Court of the United States ("Supreme Court") held that the duties imposed pursuant to IEEPA ("IEEPA duties") were contrary to law, stating

that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026).

4.      The Supreme Court also confirmed challenges to IEEPA duties fall "within the exclusive jurisdiction of" the United States Court of International Trade. *Id*. at 5.  Therefore, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

5.      Through this action, and for reasons set out in *Learning Resources*, Plaintiffs seek a full refund of all IEEPA duties Plaintiffs have paid to the United States, plus interest as provided by law.

## PARTIES

6.      Plaintiffs are U.S. importers of record and regularly imported various goods into the United States that were subject to IEEPA duties.

7.      Defendant United States Customs and Border Protection ("CBP") is the United States agency that collects duties on imports, including payments of IEEPA duties made by the Plaintiffs.

8.      Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

9.      Defendant United States of America received the disputed IEEPA duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

10.      Defendants are referred to collectively in this complaint as "Defendants."

## JURISDICTION AND STANDING

11.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i).  *See Learning Resources*, slip op. at 5, n.1.

2

12.     This Court has the same powers at law and in equity as a United States District Court.  28 U.S.C. § 1585.  In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition.  28 U.S.C. §§ 2643(a)(1), (c)(1).

13.     Plaintiffs have standing to bring this lawsuit because they are the importers of goods subject to the IEEPA duties that the Supreme Court has deemed unlawful.  Plaintiffs have paid IEEPA duties to the United States and face ongoing injury without judicial relief.  The relief Plaintiffs seek from this Court would redress those injuries.

14.     Plaintiffs must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues."  28 U.S.C. § 2636(i).  On February 1, 2025, President Trump issued executive orders that resulted in the collection of IEEPA duties.  These Orders were published in the *Federal Register* shortly thereafter.  The instant action is filed within two years of the date that these Orders were issued and published, and also within two years from when Plaintiffs first paid these IEEPA duties.  In addition, the instant action is filed within two years of the decision by the Supreme Court, described in Section III below.

## GENERAL PLEADINGS

## I.     The IEEPA Tariff Orders

15.     On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China, citing IEEPA.  In Executive Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 7, 2025), the President imposed a 25% *ad valorem* tariff on products of Canada.  In Executive Order 14194, *Imposing Duties to Address the Situation at Our Southern Border*, 90

Fed. Reg. 9117 (Feb. 7, 2025), the President imposed a 25% *ad valorem* tariff on products of

Mexico.  In Executive Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply*

*Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025) the President

imposed a 10% *ad valorem* tariff on products of China.

16.    On February 5, 2025, the President issued Executive Order 14200, *Amendment to*

*Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed.

Reg. 9277 (Feb. 11, 2025), amending Executive Order 14195 to eliminate the *de minimis*

exception, pending the imposition of systems to process and collect tariffs on goods that would

previously have been eligible for the *de minimis* exception.

17.    On March 3, 2025, the President amended the China tariff order again through

Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply*

*Chain in the People's Republic of China*, 90 Fed. Reg. 11463 (Mar. 7, 2025), increasing the

IEEPA tariff on goods of China to 20% *ad valorem*.

18.    On April 2, 2025, the President issued Executive Order 14257, *Regulating*

*Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and*

*Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15041 (Apr. 7, 2025),

imposing a 10% baseline tariff on nearly all imports to the United States and additional

"reciprocal" tariffs on 57 countries, *Id*. at Annex I.  These higher country-specific tariffs ranged

from 11% to 50%. *Id*.

19.    On April 8, 2025, in Executive Order 14259, *Amendment to Reciprocal Tariffs*

*and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*, 90

Fed. Reg. 15509 (Apr. 14, 2025), the President increased the *ad valorem* reciprocal tariff rate on

products of China from 34% to 84%.

20. On April 9, 2025, in Executive Order 14266, *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*, 90 Fed. Reg. 15625 (Apr. 15, 2025), the President suspended for 90 days the higher country-specific tariffs on all countries except for China, for which he raised the reciprocal tariff rate again, from 84% to 125%.

21. Through these executive orders, the President directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS"), requiring goods subject to the challenged tariffs be entered under new tariff codes.

22. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). As discussed below, this Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed in August 2025. The Supreme Court affirmed the Federal Circuit in February 2026.

23. President Trump, in the months following the *V.O.S. Selections* complaint, issued additional executive orders imposing additional IEEPA duties and modifying others.

24. By this complaint, Plaintiffs seek relief as a result of all duties they have paid or will pay to the United States arising from all the IEEPA executive orders described in Section I, paragraphs 15-23, above.

## II. CBP's Implementation of the IEEPA Tariffs

25. CBP is charged with the assessment and collection of duties. 19 U.S.C. §§ 1500, 1502.

26. CBP's regulations govern the classification and appraisement of merchandise, consistent with the HTSUS. 19 C.F.R. § 152.11.

27.    When goods enter the United States, CBP is responsible for assessing and collecting any tariffs, including IEEPA duties, on the imported goods based on the HTSUS classification of the goods, according to the rates established by the HTSUS.  19 U.S.C. §§ 1202, 1500, 1502.

28.    "Liquidation" is the final computation of duties and tariffs owed on an entry of imported merchandise.  19 C.F.R. § 159.1.

29.    Once CBP determines the final amount of duty, CBP liquidates the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund.  19 U.S.C. § 1500.

30.    After an entry has been liquidated, and if the liquidation can be protested, an importer of record has 180 days to file a protest contesting the liquidation.  19 U.S.C. § 1514(a).

31.    In *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et. al.*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to the IEEPA duties.  *Id*.  In a related action, *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025), the government represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful."  In a third action, *Strato Technology Solutions, LLC v. United States et al,* No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade), the Government represented that "defendants have made very clear – both in this case and in related cases – that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful."  The Government also represented that "Defendants have also committed to refund any challenged duties paid by plaintiff importers if such duties are found to be

unlawful once there is a final, unappealable court decision ordering refund of such duties to plaintiffs." *Id.* at ECF No. 14 at 9.


### III.    The Supreme Court Held These IEEPA Duties to be Unlawful

32.    This Court considered the legality of the IEEPA tariffs in *V.O.S. Selections* and held, in a unanimous three-judge panel, that IEEPA did not authorize the assessment of IEEPA duties and that the President exceeded his authority that Congress delegated to him in IEEPA. *V.O.S. Selections, Inc.*, 772 F. Supp. 3d at 1383.

33.    The United States Court of Appeals for the Federal Circuit, sitting *en banc*, affirmed this Court's decision that the IEEPA tariffs are unlawful.  *See V.O.S. Selections, Inc. v. Trump*, 149 F. 4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2026 WL 2601020 (U.S. Sept. 9, 2025).

34.    In a separate lawsuit filed by different importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort.  *See Learning Resources*.  That decision was appealed to the Court of Appeals for the D.C. Circuit, but before argument was held, the Supreme Court granted certiorari in *V.O.S. Selections* and *Learning Resources*.  The cases were then consolidated.

35.    The Supreme Court issued its opinion in both cases on February 20, 2026, holding that "IEEPA does not authorize the President to impose tariffs."  *Learning Resources*, slip op. at 20.

### IV.    CIT Proceedings

36.    On December 23, 2025, in Administrative Order 25-02, this Court issued a stay for all new cases challenging IEEPA duties.  The Administrative Order states all cases "which

invoke the court's jurisdiction under 28 U.S.C. § 1581(i) ("New IEEPA Tariff Cases"), shall be stayed upon commencement and without further action by the court."  Admin. Order 25-02, *In re: Procedures for Entering a Stay in New IEEPA Tariff Cases* (Ct. Int'l Trade Dec. 23, 2025). We expect the instant case to be subject to this Administrative Order and, accordingly, to be stayed.

37.     On March 4, 2026, this Court issued an order directing CBP to liquidate unliquidated entries without IEEPA duties, and for liquidated entries that are not yet final, to reliquidate those without IEEPA duties.  Order at 2, *Atmus Filtration, Inc. v. United States*, No. 26-01259 (Ct. Int'l Trade Mar. 4, 2026), ECF No. 21.  This order was amended on March 5, 2026.  Amended Order, ECF No. 29 at 2.  On March 6, 2026, the Amended Order was suspended "to the extent that it directs immediate compliance."  Order, ECF No. 33.  Since then, CBP has been working under the supervision of this Court to develop a new process by which refunds will be issued.  Should any such process, as developed by CBP, result in less than a full refund of all IEEPA duties with interest for Plaintiffs' entries, we respectfully submit the claims in this case would apply to any such entries not fully refunded.

## V.     Plaintiffs Paid IEEPA Duties

38.     The Plaintiffs have paid IEEPA duties on imports into the United States.

39.     The entries on which the Plaintiffs have paid IEEPA duties have liquidated or will soon liquidate.

## COUNT I

### The Challenged IEEPA Tariffs are Unlawful for the Reasons Identified by the Supreme Court in *Learning Resources*

40.    Plaintiffs incorporate paragraphs 1-39 above by reference.

41.    In *Learning Resources*, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026).  Therefore, the challenged IEEPA tariffs are *ultra vires*.

42.    This Court is bound by the *Learning Resources* decision.  As a result, this Court should order refunds of all IEEPA duties paid by the Plaintiffs, with interest as provided by law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

(a)    Order Defendants to reliquidate any of Plaintiffs' entries subject to IEEPA duties that have liquidated and refund to Plaintiffs all IEEPA duties that it paid, with interest as provided by law;

(b)    Order Defendants to refund Plaintiffs all IEEPA duties that it paid on unliquidated entries of imported merchandise subject to IEEPA duties, with interest as provided by law to the extent such duties have not already been fully refunded, credited, or offset with all interest required by law;

(c)    Award Plaintiffs their reasonable costs, including attorney's fees, incurred in bringing this action; and

(d)    Grant Plaintiffs such further relief as this Court deems appropriate.

Dated:  June 22, 2026

Respectfully submitted,

/s/ Gregory S. M<sup>c</sup>Cue

Gregory S. M<sup>c</sup>Cue
Ron Kendler
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel. (202) 429-6421
gmccue@steptoe.com
rkendler@steptoe.com

*Counsel for Plaintiffs*

10